UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **TERRY GLENN SMITH**<br>    **LA. DOC #312695**<br>**VS.** | **CIVIL ACTION NO. 6:15-cv-1952**<br><br>**SECTION P**<br><br>**JUDGE REBECCA F. DOHERTY** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Terry Glenn Smith, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on June 22, 2015. Petitioner attacks his 2004 conviction for First Degree Murder and the sentence of life without parole imposed thereon by the Sixteenth Judicial District Court, St. Martin Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed **SUCCESSIVE** and **TRANSFERRED** to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. §1631 for further proceedings as provided by 28 U.S.C. §2244(b).

*Statement of the Case*

On July 1, 2004 petitioner pled guilty to First Degree Murder pursuant to a plea agreement and pursuant to that agreement he was sentenced to serve life without parole in lieu of exposure to the death penalty. [Doc. 4, ¶1-7] His attempts to obtain post-conviction relief in the Louisiana courts were unsuccessful. *See State of Louisiana ex rel. Terry Glenn Smith v. State of Louisiana*, 2007-2107 (La. 5/4/2007), 956 So.2d 603 (application for post-conviction relief

dismissed as untimely pursuant to La. C.Cr.P. art. 930.8); *State of Louisiana ex rel. Terry Glenn Smith v. State of Louisiana*, 2008-1448 (La. 3/27/2009), 5 So.3d 138 (application for post-conviction relief dismissed as untimely pursuant to La. C.Cr.P. art. 930.8).

On June 16, 2009 he filed a *pro se* petition for *habeas corpus* in this Court in which he argued that the State trial court lacked jurisdiction to accept his guilty plea because he was mentally retarded. His petition was dismissed as time-barred by the provisions of 28 U.S.C. §2244(d)(1) on February 5, 2010. His motion for certificate of appealability (COA) was denied by the trial court. *Terry Smith v. Burl Cain, Warden*, No. 6:09-cv-0981 at Doc. 1 (petition), Doc. 5 (Report and Recommendation), Doc. 8 (Judgment), and Doc. 14 (denial of COA).

His subsequent motion for COA was denied by the United States Fifth Circuit Court of Appeals on September 7, 2010. *Terry Smith v. Burl Cain, Warden*, No. 10-30173. His petition for writ of *certiorari* was denied by the United States Supreme Court on December 13, 2010. *Terry Smith v. Burl Cain, Warden*, 562 U.S. 1112 (2010).

Petitioner filed the instant petition on June 22, 2015. He claims that the District Attorney violated petitioner's Fourteenth Amendment Rights by *Boykinizing* a retarded man and, that the District Attorney committed perjury, malfeasance, and obstruction of justice with regard to petitioner's prosecution. [Doc. 1-2]

*Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." A *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition. *In re: Cain*, 137 F.3d 234, 235

(5th Cir.1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits. A *habeas* petition dismissed as time-barred is considered as having been adjudicated on the merits for the purposes of the gate-keeping rules on successive petitions. *In re: Flowers*, 595 F.3d 204 (5th Cir. 2009)

      Petitioner's first petition, which claimed that the court lacked jurisdiction to accept the plea of a mentally retarded defendant, was dismissed as time-barred. Petitioner now raises claims that were or could have been raised in his previous petition. This petition is therefore successive. Petitioner has not yet applied for or received permission from the Court of Appeals to file this successive petition in the District Court and therefore this Court lacks jurisdiction to adjudicate his successive habeas claims.

      *In re: Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate. Further, transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other

such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Section 2244(b) divests this Court of jurisdiction to consider petitioner's successive *habeas* petition until such time as the Court of Appeals authorizes such a filing, and therefore, transfer pursuant to 28 U.S.C. §1631 is appropriate.

Therefore,

**IT IS RECOMMENDED** that petitioner's second and successive petition for writ of *habeas corpus* be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services*

*Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

    In Chambers, Lafayette , Louisiana August 25, 2015.

                                                        **PATRICK J. HANNA**
                                                        **UNITED STATES MAGISTRATE JUDGE**

                    COPY SENT:

                    DATE:   8/25/2015
                    BY:       EFA
                    TO:       RFD
                            cg